Stephan C. Dean and Liza Dean
37187 Bankside Drive #2
Cathedral City, CA  92234
323-314-9692
Surefile@msn.com

In Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHAN DEAN and LIZA DEAN, Individually and DBA SUREFILE FILING SYSTEMS, | Case No.: 5:22-cv-1277-MCS (JPRx) |
| Plaintiffs, | **PLAINTIFFS AND COUNTER-DEFENDANTS STEPHAN AND LIZA DEAN RESPONSE TO ORDER TO SHOW CAUSE RE: JURISDICTION [DKT. 23] REQUEST FOR JUDICIAL NOTICE OF 2012 STATE COURT ACTION, EXHIBIT A** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, and Does 1-50 Inclusive, | |
| Defendants. | |

Hearing:
Judge:       Hon. Mark C. Scarsi
Date:        N/A
Time:        N/A
Courtroom:   N/A

---

Kaiser by conceding that this court lacks subject matter jurisdiction is an admission that the previous lawsuit Dean v Kaiser Case No. 5:22-cv-00278-MCS-KK is rendered moot and should be stricken from the record. The 2013 State ruling has resolved all outstanding federal issues.

In 2012 Plaintiff (Kaiser) filed a complaint in State court alleging the Deans had violated federal law. This court in its Order to show cause states that "A PLANTIFF IS MASTER OF THE CLAIM, HE OR SHE MAY AVOID FEDERAL JURISDICTION BY EXCLUSIVE RELIANCE ON STATE LAW. Plaintiff by filing in state court and

alleging the Deans had violated federal law is an admission that jurisdiction over the federal claims was given to the state court by Kaiser in 2012. (**Exhibit** 1)

The Deans in 2012 agreed with the plaintiff to allow the state court to exercise subject matter jurisdiction over the parties' federal claims applying federal law. Although the Deans had the right to remove the complaint to federal court invoking federal question and asserting supplemental jurisdiction they did not do so. " A DEFENDANT MAY REMOVE AN ACTION TO FEDERAL COURT IF THE FEDERAL COURT EXCERCISED ORIGINAL JURISDICTION OVER THE ACTION. "FEDERAL COURTS HAVE ORIGINAL JURISDICTION WHERE AN ACTION ARISES UNDER FEDERAL LAW." This proves the parties to this case bi laterally agreed to allow the state court to exercise subject matter jurisdiction over the federal claims.

The plaintiff respectfully requests that the previous action be stricken from the record. Kaiser does not draw a distinction between the 2012 state case and Dean v Kaiser Case No. 5:22-cv-00278-MCS-KK. Plaintiff by not responding with additional factual argument toward federal question providing a distinction between the two cases is an admission. Kaiser has wasted this courts valuable time on a case it knew and has admitted the state has jurisdiction over because they wanted it that way. This entire federal case has been an exercise in futility and without merit.

Plaintiffs' attorneys should be sanctioned. Based on this court's Order to show cause and the response by the plaintiff the Deans ask that Dean v Kaiser Case No. 5:22-cv-00278-MCS-KK on its own motion be stricken and the injunction be dissolved along with the attorney fee award. The Deans respectfully ask this court that if the matter is stricken and the attorney fee award is dissolved along with the injunction, that the court on its own motion dismiss the Deans current complaint without prejudice. The Deans wish to end this lesson in futility created by Kaiser. All matters, both state and federal were resolved in 2013.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Date this 12th day of August, 2024.

By /s/Stephan Dean_____ /s/Liza Dean_____

Stephan Dean

Liza Dean

In Pro Per

3

# EXHIBIT 1

1    Plaintiffs Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals (collectively
2   "KAISER" or "plaintiffs") complain against defendants Stephan Christopher Dean, Liza Dean, and
3   Surefile Filing Systems (collectively "DEAN" or "defendants") as follows:

GENERAL ALLEGATIONS

5       1.    Plaintiff Kaiser Foundation Health Plan, Inc. ("KFHP") is a non-profit California
6   corporation and health maintenance organization ("HMO") regulated as a health care service plan
7   under the Knox-Keene Health Care Service Plan Act, Health & Safety Code § 1340 et seq. Its
8   principal place of business is in Oakland, Alameda County, California. KFHP contracts with
9   employer groups, individuals, and others to arrange for health care to its members through the Kaiser
10  Permanente network of health-care providers, including Kaiser Foundation Hospitals ("KFH") for
11  facilities and Southern California Permanente Medical Group ("SCPMG") for professional services
12  in Southern California.

13      2.    Plaintiff Kaiser Foundation Hospitals ("KFH") is a California non-profit corporation
14  that is licensed to own and operate hospitals and other medical centers in California. Its principal
15  place of business is in Oakland, Alameda County, California. Plaintiffs KFH and KFHP will be
16  referred to here collectively as "KAISER" or "Plaintiffs".

17      3.    KAISER is informed and believes, and on that basis alleges, that defendants Stephan
18  Christopher Dean and Liza Dean ("the Deans") are residents of Indio, Riverside County, and that the
19  Deans have in the past and continue to do business as Surefile Filing Systems ("Surefile"), a sole
20  proprietorship. The Deans and Surefire are referred to here collectively as "DEAN" or "defendants."

21      4.    KAISER is not presently aware of the true names and capacities of the defendants
22  named in this complaint by the fictitious names of Does 1-10. KAISER will seek leave to amend
23  this complaint upon ascertaining the true names and capacities of those defendants.

24      5.    Plaintiffs allege on information and belief that each defendant is jointly liable for each
25  of the wrongful acts and omissions alleged herein because each defendant acted as the principal,
26  agent, joint venturer, co-conspirator, or alter ego of each of the other defendants.

27      6.    Defendants and KFH entered into an agreement in 2008 under which Defendants
28  agreed, among other things, to remove, prepare, organize, index, deactivate, transport, store, and

1<br>COMPLAINT

1  retrieve upon request medical records for the Kaiser Permanente Moreno Valley medical center.  In

2  order to perform services for KAISER, defendants agreed to comply with the terms of the Business

3  Associate Agreement ("BAA") used by KAISER with all vendors.

4      7.    Patient medical records, and communications about such records that include

5  confidential "protected health information" ("Protected Information"), as that term is defined under

6  the Standards for Privacy of Individually Identifiable Health Information, codified at 45 Code of

7  Federal Regulations ("CFR") parts 160 and 164, Subparts A and E, are afforded substantial

8  protections under the Health Insurance Portability and Accountability Act of 1996, P.L. 104-191

9  ("HIPAA") and state law including the Confidentiality of Medical Records Act, Cal. Civ. Code § 56

10  et seq.  KAISER seeks to respect and maintain these protections for its members and patients through

11  its contracts and BAA with vendors, including defendants.

12      8.    Effective as of June 15, 2009, OEA, and KHIP entered into a written Business

13  Associate Agreement ("BAA") in which defendants agreed to allow KHIP access to any of

14  plaintiff's records they maintained for KAISER and to otherwise, comply with the obligations of

15  HIPAA.  Under the terms of the BAA defendants specifically agreed that "[u]pon termination of the

16  business relationship between the parties and this BAA for any reason, [defendants] shall, at [KHIP's]

17  direction, return or destroy all Protected Information that [defendants] or its agents or subcontractors

18  still maintain in any form, and shall retain no copies of such Protected Information.  Upon [KHIP's]

19  request, [defendants] shall certify in writing that such return or destruction has occurred."

20      9.    Defendants and KHIP entered into a written confidential Scanning Service Agreement

21  effective as of November 17, 2009 ("Moreno Valley Agreement").  Defendants agreed, among other

22  things, to retrieve, prepare, deactivate, transport, store, and retrieve upon request medical records for

23  the Kaiser Permanente, Moreno Valley medical center.  Defendants further agreed to comply with the

24  existing BAA with KHIP.

25      10.    Defendants and KHIP entered into a confidential Scanning Service Agreement - Medical Record

26  Storage and Retrieval of offsite, dated _____ ("Los Angeles Agreement").

27  Defendants agreed, among other things, to retrieve, prepare, deactivate, transport, store, and retrieve

28  upon request medical records for the Kaiser Permanente West Los Angeles medical center.

COMPLAINT

1    Defendants further agreed to comply with the existing BAA with KFHP.

2        11.    KAISER patients and members have medical needs to access their medical records,

3    and KAISER needs the medical records from time to time for purposes of litigation or

4    administrative proceedings. Patients have a legal right under HIPAA to access their protected

5    health information. (45 C.F.R. § 164.524.) KAISER also needs to assure that the medical records

6    with Protected Information and confidential communications with Protected Information, including

7    email exchanged between defendants and plaintiffs, are properly maintained, including by requiring

8    defendants by contract to safeguard the records from unauthorized disclosure pursuant to the terms

9    of a BAA and other agreements, verify their financial ability to protect the records and to maintain

10   insurance, and return or destroy all Protected Information at the request of KAISER.

11       12.    All medical records provided to defendants and confidential communications with

12   Protected Information exchanged between representatives of KAISER and defendants, including

13   email about the records, are the sole property of KAISER and held for the benefit of KAISER

14   members and patients under the terms of the Moreno Valley Agreement, the West Los Angeles

15   Agreement and the BAA signed by defendants. Defendants have no interest in those medical

16   records or the confidential communications with KAISER about the records, and under the terms of

17   the BAA signed by defendants, defendants have no right to refuse access to those records and any

18   confidential communications with Protected Information or to refuse requests from KAISER to

19   return or destroy those records and confidential communications with Protected Information,

20   including email, or to refuse to certify to KAISER that all Protected Information has been returned

21   or destroyed.

22       13.    In or around 2010, a dispute arose between KAISER and DEAN regarding DEAN'S

23   performance of the Moreno Valley Agreement and West Los Angeles Agreement. Beginning in the

24   spring of 2010, defendants interfered with plaintiffs' access to its patients' medical records and

25   failed to verify that they had insurance or the financial ability to protect the records. Defendants

26   refused to allow plaintiffs access to its medical records, interfered with or refused to comply with

27   patients' medical records requests, interfered with or refused to comply with subpoenas for medical

28   records, refused to verify insurance coverage, and refused to verify its financial ability to perform

its contractual obligations. Defendants also refused to turn over the medical records to KAISER upon its requests.

14. As a result of defendants' wrongful conduct, on or about July 6, 2010, plaintiffs notified defendants that: defendants were in breach of their agreement; that defendants should (i) comply with patient requests for medical records, (ii) permit KAISER access to their warehouse to inspect the records, (iii) verify their insurance and financial ability to perform, and (iv) arrange for transfer of the records; plaintiffs noted that plaintiff elected to terminate the West Los Angeles Agreement for convenience.

15. As a result of the foregoing dispute, KFH and defendants negotiated a transfer agreement ("Sure File Transfer Agreement") to effect the transfer of possession from defendants to KFH of all of the medical records and confidential protected information of KAISER patients and members. The Sure File Transfer Agreement was signed by Stephen Dean on or about July 23, 2010, and terminated the on-going business relationship between defendants and KAISER. Pursuant to the terms of the Sure File Transfer Agreement, DEAN specifically agreed to take appropriate steps to preserve all confidential information maintained in those records as required by the Confidentiality of Medical Records Act, Cal. Civ. Code § 56 et seq., the federal Health Insurance Portability and Accountability Act ("HIPAA") and the parties' BAA.

16. Following the execution of the Sure File Transfer Agreement, in March 2011 the defendants and plaintiffs negotiated a confidential settlement agreement to resolve all the outstanding issues between them. Plaintiff will make the confidential settlement agreement available to the Court, if necessary, under seal.

17. Pursuant to the settlement agreement between plaintiffs and defendants described above, defendants were obligated to maintain the confidential protected information of KAISER members and patients in confidence; defendants were obligated not to transmit or communicate to any other party the confidential Protected Information of KAISER members and patients; defendants were obligated to return to, certify or destroy all the confidential Protected Information of KAISER members and patients; and defendants were obligated upon request to certify to plaintiffs the return or destroy all confidential Protected Information in any form of KAISER members and patients.

18.     Since the execution of the confidential settlement agreement in March 2011, defendants have notified KAISER that they are in possession of email or other records of KAISER that they allege contain Protected Information. Defendants have also publicized through the press the fact theat they retain possession of Protected Information of KAISER patients and members. Defendants have done so for the sole purpose of trying to extract additional payments from KAISER. Despite requests from KFHP that defendants return or destroy the Protected Information and certify the return and destruction of the Protected Information, or provide access to the Protected Information so that plaintiffs may recover or destroy the Protected Information, defendants have refused to return or destroy the Protected Information, defendants have refused to certify to KAISER the return or destruction of the Protected Information. Defendants have refused to provide access to the Protected Information so that plaintiffs may recover or destroy the Protected Information. Defendants have also refused to follow instructions from KAISER to remove and destroy any Protected Information in an electronic format.

19.     In breach of their agreements with KAISER, defendants also have engaged in conduct that demonstrates their intention or willingness to risk a security breach and the unauthorized disclosure of the confidential Protected Information if plaintiffs refuse to accede to their unwarranted demands for payment of additional compensation to obtain the return of, destruction of or access to the confidential Protected Information improperly retained by defendants. For example, after representing to plaintiffs that email with confidential Protected Information was stored on the hard drives of computers in the garage of their home Stephan Dean and Liza Dean risked the theft or removal of the computers and the unauthorized disclosure of the confidential Protected Information by leaving the door to their garage open.

20.     The unauthorized disclosure by defendants of confidential Protected Information of KAISER patients and members remaining in the possession of defendants would result in financial harm to plaintiffs and irreparable harm to their reputation and also result in potential harm to the members and patients of KAISER.

## FIRST CAUSE OF ACTION
### BREACH OF WRITTEN CONTRACT
#### (Against Each Defendant)

21.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 to 20 above.

22.     The BAA specifies that defendants may only use or disclose confidential Protected Information "to perform functions, activities, or services for, or on behalf of, [Plaintiffs]." Because the contractual relationship between defendants and plaintiffs have been concluded and terminated defendants have no further authorized use of the Protected Information "to perform functions, activities, or services for, or on behalf of, [Plaintiffs]." Furthermore, the BAA specifies that by maintaining or using Protected Information for their own purposes, defendants violated the BAA

23.     Defendants have breached their contractual obligations under the BAA by, among other things, (i) retaining confidential Protected Information of KAISER patients or members on their computers, hard drives, servers, or in their email accounts, or otherwise; (ii) refusing to return, or destroy or allow plaintiffs access to their computers, hard drives, servers, or email accounts, to remove or destroy all the confidential Protected Information of KAISER patients or members, including but not limited to confidential unencrypted email communications between defendants and Plaintiffs that include confidential Protected Information of KAISER members and patients, or to confirm the removal of all Protected Information of KAISER patients or members, from defendants' computers, hard drives, servers or email accounts; (iii) refusing to certify to KFHP the return or destruction of all the confidential Protected Information of KAISER patients or members; (iv) to risk the unauthorized disclosure of confidential Protected Information of KAISER members and patients in defendants' possession, custody or control by their failure to maintain the confidential Protected Information in a secure place and manner; and (v) threatening to use and transmit confidential Protected Information in the medical records and/or confidential email communications between defendants and Plaintiffs that include confidential Protected Information of KAISER members, to contact KAISER members or patients.

24.     Defendants have also breached the Moreno Valley Agreement and the West Los Angeles Agreement by recording and retaining confidential Protected Information in violation of

6
COMPLAINT

1  the terms of the BAA which are incorporated into and made a part of the Moreno Valley Agreement

2  and the West Los Angeles Agreement.

3      25.    Plaintiffs have performed all obligations due to defendants, except such obligations

4  as are excused or waived.

5      26.    As a proximate result of defendants' conduct, plaintiffs have sustained damage or

6  loss in an amount to be proved at trial.  Furthermore, unless enjoined defendants' continued

7  possession of the Protected Information threatens further harm to KAISER, as well potentially the

8  privacy interests of KAISER'S members and patients.  Plaintiffs lack an adequate remedy at law

9  and will suffer irreparable harm unless defendants are enjoined from their continued use and

10  possession of the Protected Information of KAISER'S members and patients and to engage in the

11  aforesaid trespasses and interference with plaintiffs' property.  An action for damages is inadequate

12  because it is extremely difficult to place a monetary value on this continuing invasion of plaintiffs'

13  property rights and the continued possession of the Protected Information by defendants.  Even if

14  the harm could be measured in monetary terms, plaintiffs would be required to incur the

15  inconvenience and expense of multiple legal actions to collect damages resulting from defendants'

16  actions as they continue to occur in the future.  Plaintiffs are accordingly entitled to both

17  preliminary and permanent injunctions enjoining defendants from further possession and use of

18  plaintiffs' property.

19      27.    Therefore plaintiffs seek preliminary and permanent injunctions enjoining defendants

20  and their employees and anyone acting on their behalf (i) from retaining any "Document," as

21  defined by Californian Evidence Code Section 250, specifically including but not limited to,

22  KAISER medical records and charts and email, with confidential Protected Information relating to

23  any member or patient of KAISER; (ii) from using any confidential Protected Information in any

24  "Document," as defined by Californian Evidence Code Section 250, provided to defendants by

25  KAISER; and (iii) from disclosing to any third-party any Protected Information from any

26  "Document," as defined by Californian Evidence Code Section 250, provided to defendants by

27  KAISER

28      28.    Plaintiffs also seek preliminary and permanent injunctions requiring defendants and

7

COMPLAINT

1 | their employees and anyone acting on their behalf (i) to refrain from using any confidential
2 | Protected Information from any "Document," as defined by Californian Evidence Code Section 250,
3 | provided to defendants and confidential Protected Information in any email exchanged between
4 | defendants and plaintiffs to contact KAISER members or patients; (ii)  to refrain from disclosing to
5 | any third-party any Protected Information from any "Document," as defined by Californian
6 | Evidence Code Section 250, provided to defendants and confidential email exchanged between
7 | defendants and plaintiffs; (iii) to return, delete or destroy any "Document," as defined by
8 | Californian Evidence Code Section 250, specifically including , but not limited to email with
9 | confidential Protected Information of KAISER members and patients that defendants maintain or to
10 | which they have access or care custody or control; (iv) to certify in writing under penalty of perjury
11 | that defendants have returned, deleted or  or destroyed all of the records and email with confidential
12 | Protected Information of KAISER members and patients that defendants maintain or to which they
13 | have access or care, custody or control; (v) to provide access to all defendants' computers, servers,
14 | hard drives and email accounts for inspection by a forensic consultant appointed by the Court at
15 | plaintiffs' expense to confirm the removal, deletion or destruction of all of the records and
16 | confidential email with Protected Information of KAISER members and patients; and (vi) to
17 | promptly notify counsel for plaintiffs of the discovery of any additional Protected Information of
18 | KAISER members and patients that defendants maintain or to which they have access or care,
19 | custody or control; following completion of (i) - (v) above, and thereafter to comply with the
20 | requirements of (i) - (v) above.
21 |
22 | SECOND CAUSE OF ACTION<br>CLAIM AND DELIVERY<br>(Against Each Defendant)
23 |
24 | 29.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 to 28
25 | above.
26 | 30.    Despite receipt of a demand for return or destruction of the confidential Protected
27 | Information concerning KAISER members and patients, defendants have refused, and continue to
28 | refuse to return or destroy the Protected Information to plaintiffs and provide certification of the

8<br>COMPLAINT

1  return or destruction of the Protected Information to plaintiffs.

2      31.    Defendants have no right to refuse to return or destroy the confidential Protected

3  Information concerning KAISER members and patients and provide certification of the return or

4  destruction of the Protected Information to plaintiffs, the owners of the records with the Protected

5  Information.

6      32.    Plaintiffs are entitled to a writ of possession to recover their personal property.

7

8                    **THIRD CAUSE OF ACTION**
                **CONVERSION/TRESPASS TO CHATTEL**
9                     **(Against Each Defendant)**

10     33.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 to 32

11  above.

12     34.    Despite receipt of a demand for the return or destruction of the confidential Protected

13  Information concerning KAISER members and patients, defendants have refused, and continue to

14  refuse, to return or destroy the records and any email with confidential Protected Information and

15  certify to plaintiffs the return or destruction of the confidential Protected Information concerning

16  KAISER members and patients.

17     35.    By so doing, defendants have converted and trespassed on plaintiffs' rights in the

18  records and any email with confidential Protected Information derived from the records of and email

19  of plaintiffs without legal right or justification.

20     36.    Plaintiffs are entitled to an injunction as prayed below and to damages in an amount

21  to be proved at trial.

22

23                    **FOURTH CAUSE OF ACTION**
              **VIOLATION OF UNFAIR COMPETITION LAW**
24                     **(Against Each Defendant)**

25     37.    Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 to 36

26  above.

27     38.    California Business & Professions Code § 17200 et seq. (the "UCL") prohibit unfair

28  competition. In this context, "unfair competition shall mean and include  any unlawful, unfair or

                                    9
                                COMPLAINT

1  fraudulent business act or practice .... " Cal. Bus. & Prof. Code § 17200.

2      39.    The "unlawful" prong of the UCL permits a plaintiff to obtain relief from anything

3  that can properly be called a business practice and that at the same time is forbidden by law,

4  regardless of whether the underlying law provides for a private right of action.

5      40.    Defendants, by their conduct and practices alleged herein, have committed and

6  continue to commit violations of the Health Insurance Portability Act of 1996, P.L. 104-191

7  ("HIPAA") and the Confidentiality of Medical Records Act, Cal. Civ. Code § 56 et seq. Defendants

8  are therefore in violation of the "unlawful" prong of the UCL.

9      41.    The "unfair" prong of the UCL is intentionally broad, thus allowing courts

10  maximum discretion to prohibit new schemes to defraud. Outside of the competitor context, courts

11  have enunciated differing tests for unfairness under the UCL. One test is that the harm to the victim

12  outweighs the justification of the alleged wrongdoer. A different test is that the defendant's acts

13  offend a public policy that is tethered to some statutory provision. Still another test is that the

14  defendant's acts constitute sharp practices

15      42.    Defendants, by their conduct and practices alleged herein, have engaged and

16  continue to engage in conduct and practices that cause considerable harm and injury in fact to

17  plaintiffs, and defendants have no justification whatsoever other than reducing defendants' attempt

18  to extort additional compensation from defendants, which is neither a reasonable nor legitimate

19  justification. Defendants' conduct and practices offend a public policy of providing confidentiality

20  and protection to the confidential personal health information of health plan members and medical

21  patients, which policy is tethered to the Health Insurance Portability Act of 1996, P.L. 104-191

22  ("HIPAA"), the Confidentiality of Medical Records Act, Cal. Civ. Code § 56 et seq.. and the

23  California Constitution. Defendants' modus operandi constitutes a sharp practice because defendants

24  understand that KAISER desires to protect the confidentiality of Protected Information of KAISER

25  members and medical patients and avoid the unauthorized disclosure of such Protected Information.

26  Defendants are therefore in violation of the "unfair" prong of the UCL.

27      44.    Plaintiffs have suffered injury in fact and have incurred unnecessary expenses,

28  including legal fees, as a result of defendants' violations of the UCL.

45.     Plaintiffs reasonably believe that defendants' wrongful practices alleged herein are ongoing and continue to be a threat to plaintiffs.

46.     Plaintiffs are therefore entitled to restitution and disgorgement in amounts to be proved at trial, as well as injunctive relief to obtain the return, or deletion or destruction of the confidential protected information of KAISER members or medical patients and other relief as pleaded in the Prayer for Relief.

## PRAYER FOR RELIEF

WHEREFORE plaintiffs pray for judgment against defendants as follows:

a.     For damages in an amount according to proof;

b.     For prejudgment interest as allowed by law;

c.     For specific performance of defendants' obligations under the Business Associate Agreement effective June 15, 2009 to return or destroy all Protected Information, retain no copies of any Protected Information, and upon plaintiffs' request to certify in writing that such return or destruction has occurred;

d.     For preliminary and permanent injunctions enjoining defendants and their employees and anyone acting on their behalf (i) from retaining any "Document," as defined by Californian Evidence Code Section 250, specifically including but not limited to, KAISER medical records and charts and email, with confidential Protected Information relating to any member or patient of KAISER; (ii) from using any confidential Protected Information in any "Document," as defined by Californian Evidence Code Section 250, provided to defendants by KAISER; and (iii) from disclosing to any third-party any Protected Information from any "Document," as defined by Californian Evidence Code Section 250, provided to defendants by KAISER

e.     For preliminary and permanent injunctions requiring defendants and their employees and anyone acting on their behalf (i)  to refrain from using any confidential Protected Information from any "Document," as defined by Californian Evidence Code Section 250, provided to defendants and confidential Protected Information in any email exchanged between defendants and plaintiffs to contact KAISER members or patients; (ii)  to refrain from disclosing to any third-party any Protected Information from any "Document," as defined by Californian

11
COMPLAINT

1  Evidence Code Section 250, provided to defendants and confidential email exchanged between

2  defendants and plaintiffs; (iii) to return, delete or destroy any "Document," as defined by

3  Californian Evidence Code Section 250, specifically including , but not limited to email with

4  confidential Protected Information of KAISER members and patients that defendants maintain or to

5  which they have access or care custody or control; (iv) to certify in writing under penalty of perjury

6  that defendants have returned, deleted or  or destroyed all of the records and email with confidential

7  Protected Information of KAISER members and patients that defendants maintain or to which they

8  have access or care, custody or control; (v) to provide access to all defendants' computers, servers,

9  hard drives and email accounts for inspection by a forensic consultant appointed by the Court at

10 plaintiffs' expense to confirm the removal, deletion or destruction of all of the records and

11 confidential email with Protected Information of KAISER members and patients; and (vi) to

12 promptly notify counsel for plaintiffs of the discovery of any additional Protected Information of

13 KAISER members and patients that defendants maintain or to which they have access or care,

14 custody or control; following completion of (i) - (v) above, and thereafter to comply with the

15 requirements of (i) - (v) above.

16          f.      For a writ of possession transferring all the Documents with

17 confidential Protected Information of any KAISER member or patient in the possession, custody or

18 control of defendants to plaintiffs;

19          g.      For KAISER's cost of suit; and

20          h.      For such other and further relief as the Court should find to be just

21 and proper.

22      Respectfully submitted,

23 Dated: October 11, 2012          MARION'S INN LLP
24                                  THOMAS M. FREEMAN
                                    SARAH EDWARDS
25
26                                  By
27                                           Sarah Edwards
28                                  Attorneys for Plaintiffs Kaiser Foundation Hospitals
                                    and Kaiser Foundation Health Plan, Inc.